1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  NORRIS LEE,                                    CASE NO. 1:11-CV-01018-LJO-DLB PC

10                         Plaintiff,             ORDER DENYING MOTION FOR SERVICE
                                                  DOCUMENTS (DOC. 14)

11        v.
                                                  ORDER DISMISSING COMPLAINT WITH
12  RAUL LOPEZ, et al.,                           LEAVE TO AMEND FOR FAILURE TO
                                                  STATE A CLAIM (DOC. 9)

13                         Defendants.
    _____/            RESPONSE DUE WITHIN THIRTY DAYS

14

15  **I.    Background**

16         Plaintiff Norris Lee ("Plaintiff") is a prisoner in the custody of the California Department

17  of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se in this civil rights

18  action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action by filing his complaint on June

19  10, 2011.  On July 5, 2011, Plaintiff filed his first amended complaint.  Doc. 9.

20         The Court is required to screen complaints brought by prisoners seeking relief against a

21  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

23  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

24  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

25  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

26  paid, the court shall dismiss the case at any time if the court determines that . . . the action or

27  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

28  1915(e)(2)(B)(ii).

1    A complaint must contain "a short and plain statement of the claim showing that the

2  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

3  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

4  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing

5  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual

6  matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*,

7  550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

8  **II.    Summary Of First Amended Complaint**

9    Plaintiff is  incarcerated at Corcoran State Prison ("CSP") in Corcoran, California, where

10  the events giving rise to this action occurred. Plaintiff names as Defendants: Raul Lopez,

11  warden; D. Foston, chief of the inmate appeals branch for CDCR; R. Davis, appeals examiner;

12  Edgar Clark, chief medical officer; Canneles, sergeant; and Hernandez, correctional officer.

13    Plaintiff alleges the following. On May 4, 2010, Plaintiff was severely injured as a result

14  of falling down a flight of stairs. First Am. Compl. 6.[1] Plaintiff's hands were handcuffed behind

15  his back, and there was no escort up the flight of stairs. *Id.* Defendant Hernandez had ordered

16  Plaintiff to ascend the stairs. *Id.* Plaintiff lost his footing and slipped, hitting his head on the

17  metal railing and losing consciousness. *Id.*

18    On December 7, 2010, Defendants Foston and R. Davis, through their agents and

19  implemented system of customs and policies, condoned the severe pain Plaintiff suffered when

20  he fell down the stairs. *Id.* at 3-4. Defendant Foston was responsible for his agents and the

21  failure to provide effective treatment. *Id.* Defendants attempted to shield Defendant Hernandez

22  from liability by denying his grievance. *Id.* Defendant Lopez received a copy of the director's

23  level decision and took no action. *Id.* at 5. Defendant Clark is responsible through his agents for

24  the conduct of his medical agents and officers at the 3C yard clinic and hospital. *Id.* at 6.

25    Plaintiff contends constant, recurring headaches, loss of concentration, severe back pain,

26  memory lapses, blurred vision, loss of vitality, and severe leg pain. *Id.* at 7. Plaintiff requests

27

28    [1]  Page numbering is from the court docket.

2

declaratory relief, and compensatory and punitive damages.

**III.**    **Analysis**

**A.**    **Eighth Amendment**

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff fails to state a claim against any Defendants. As to Defendant Hernandez, Plaintiff fails to allege facts which demonstrate that he knew of an disregarded an excessive risk of serious harm to Plaintiff's safety by ordering Plaintiff to ascend the stairs while handcuffed.

As to Defendants Raul Lopez, Edgar Clark, R. Davis, and D. Foston, Plaintiff fails to allege facts which link them to any violation of Plaintiff's constitutional rights. Plaintiff alleges that these Defendants are responsible based on their roles as supervisory officials. Plaintiff alleges at most *respondeat superior* liability. The term "supervisory liability," loosely and

commonly used by both courts and litigants alike, is a misnomer.  *Iqbal*, 129 S. Ct. at 1949.

"Government officials may not be held liable for the unconstitutional conduct of their

subordinates under a theory of *respondeat superior*."  *Id.* at 1948.  Rather, each government

official, regardless of his or her title, is only liable for his or her own misconduct.

When the named defendant holds a supervisorial position, the causal link between the

defendant and the claimed constitutional violation must be specifically alleged.  *See Fayle v.*

*Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir.

1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege

some facts indicating that the defendant either: personally participated in the alleged deprivation

of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated

or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional

rights' and is 'the moving force of the constitutional violation.'"  *Hansen v. Black*, 885 F.2d 642,

646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

1989).  Plaintiff alleges no facts which demonstrate that Defendants Lopez, Clark, Davis, and

Foston knew of a constitutional violation and failed to act, personally participated in the alleged

constitutional deprivation, or implemented a constitutionally deficient policy that violated

Plaintiff's constitutional rights.  *Hansen*, 885 F.2d at 646; *Taylor*, 880 F.2d at 1045.[2]  Plaintiff's

contentions of a constitutionally deficient policy amount at most to a legal conclusion, which is

insufficient to state a claim.  *Iqbal*, 129 S. Ct. at 1949.

Plaintiff's claims that Defendants Davis and Foston were deliberately indifferent in

violating Plaintiff's Eighth Amendment rights by denying Plaintiff's grievance fails to state a

claim.  Based on the grievance submitted and incorporated by the first amended complaint,

Defendants Davis and Foston could find no documentation of injuries consistent with Plaintiff's

claims of injuries.  Thus, based on the allegations, Defendants Davis and Foston did not know of

an excessive risk of serious harm to Plaintiff's health.

---

[2] Plaintiff fails to link Defendant Canneles to any act or omission that violated Plaintiff's
constitutional rights.  *Johnson v. Duffy*, 588 F.2d 749, 743 (9th Cir. 1978).  Plaintiff thus fails to
state a claim against Defendant Canneles.

**IV.**   **Plaintiff's Motion For Service Documents**

On September 12, 2011, Plaintiff filed a motion for the Court to order the Clerk of the Court to send Plaintiff documents for effecting service.  Because Plaintiff fails to state a claim, this motion is denied.

**IV.**   **Conclusion And Order**

Plaintiff fails to state any cognizable claims against any Defendants.  The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  *Iqbal*, 129 S. Ct. at 1949.   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's motion for service documents, filed September 12, 2011, is denied;

2.      The Clerk's Office shall send Plaintiff a complaint form;

3.      Plaintiff's first amended complaint is dismissed for failure to state a claim, with leave to file a second amended complaint within **thirty (30) days** from the date of service of this order; and

1

4.      If Plaintiff fails to comply with this order, the Court will recommend dismissal of

2

this action for failure to obey a court order and failure to state a claim.

3

IT IS SO ORDERED.

4

Dated:   **January 11, 2012**              _____ /s/ **Dennis L. Beck**_____
                                            UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28