# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORRIS LEE,<br><br>        Plaintiff,<br><br>  v.<br><br>RAUL LOPEZ, et al.,<br><br>        Defendants. | Case No. 1:11-cv-01018-LJO-DLB PC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION BE DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>(ECF No. 16)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

**I.**     **Background**

      Plaintiff Norris Lee ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on June 10, 2011. On July 5, 2011, Plaintiff filed his first amended complaint. On January 1, 2012, the Court dismissed Plaintiff's first amended complaint for failure to state a claim, with leave to amend. On February 16, 2012, Plaintiff filed his second amended complaint. ECF No. 16.

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

1   A complaint must contain "a short and plain statement of the claim showing that the pleader
2   is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
3   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
4   do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550
5   U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a
6   claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual
7   allegations are accepted as true, legal conclusions are not. *Id.*

## II.   Summary of Second Amended Complaint

Plaintiff is incarcerated at Corcoran State Prison ("CSP") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: warden of CSP Raul Lopez, chief of the inmate appeals branch for CDCR D. Foston, chief medical officer of CSP Edgar Clark, appeals examiner for CDCR R. Davis, sergeant at CSP Canneles, and correctional officer at CSP Hernandez.

Plaintiff alleges the following. On May 4, 2010, Defendant Hernandez ordered Plaintiff to climb a flight of stairs while handcuffed behind his back, and unescorted. Plaintiff slipped and fell down the flight of stairs, striking his head on a metal railing and losing consciousness. Plaintiff contends that pursuant to Title 15 of the California Code of Regulations and the Department Operations Manual, regulations require that security housing unit ("SHU") inmates while handcuffed behind their backs be escorted, and the escorting officer must be within eighteen inches of the SHU inmate. However, there are no such regulations or policies governing the distance that an escorting officer should be from a sensitive needs/protective custody inmate, such as Plaintiff. Plaintiff contends that Defendants Foston and Lopez implemented a policy that is a double standard which caused a violation of Plaintiff's Eighth Amendment rights. Plaintiff alleges that Defendant Edgar Clark, the chief medical officer at the Acute Care Hospital in CSP, failed to ensure that his employees implemented a policy to ensure that a fall like Plaintiff's would not occur. Defendant Davis violated Plaintiff's rights by denying his inmate appeal regarding this incident. Defendant Canneles violated Plaintiff's rights by calling Plaintiff to the program office for an interview and attempting to dissuade Plaintiff from filing an inmate appeal against Defendant Hernandez, telling

2

1 Plaintiff that Canneles was the one who ordered Plaintiff to ascend the stairs unescorted.

2 Plaintiff suffered constant, reoccurring severe headaches, loss of concentration, severe back
3 pain, memory lapses, blurred vision, loss of vitality, and severe leg pain as a result of the fall.
4 Plaintiff contends that all Defendants violated Plaintiff's Eighth Amendment rights. Plaintiff
5 requests declaratory relief and compensatory and punitive damages.

6 **III.    Analysis**

7 To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison
8 conditions must involve "the wanton and unnecessary infliction of pain . . . ." *Rhodes v. Chapman*,
9 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials
10 must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.
11 *Id.*; *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237,
12 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of
13 confinement, prison officials may be held liable only if they acted with "deliberate indifference to a
14 substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

15 The deliberate indifference standard involves an objective and a subjective prong. First, the
16 alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer v. Brennan*, 511
17 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official
18 must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837. Thus,
19 a prison official may be held liable under the Eighth Amendment for denying humane conditions of
20 confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by
21 failing to take reasonable measures to abate it. *Id.* at 837-45. Mere negligence on the part of the
22 prison official is not sufficient to establish liability, but rather, the official's conduct must have been
23 wanton. *Id.* at 835.

24 Plaintiff sufficiently alleges an objectively serious harm. However, Plaintiff fails to state an
25 Eighth Amendment claim against any Defendants. As to Defendant Hernandez, Plaintiff alleges no
26 facts which indicate that Defendant Hernandez knew of and disregarded an excessive risk of serious
27 harm to Plaintiff's health when he allegedly ordered Plaintiff to go up a flight of stairs while
28 handcuffed behind his back. Plaintiff alleges at most negligence, which is not sufficient for an

3

Eighth Amendment claim. *Farmer*, 511 U.S. at 835.

Plaintiff fails to state an Eighth Amendment claim against Defendants Foston, Lopez, and Clark  Plaintiff appears to allege that their failure to implement an escort policy with regards to sensitive needs inmates caused this incident.  Again, Plaintiff fails to allege facts which indicate that Defendants Foston, Lopez, and Clark knew of and disregarded an excessive risk of serious harm to Plaintiff's health.  Plaintiff alleges no facts which indicate that they knew of any danger with regards to Plaintiff ascending a flight of stairs while handcuffed behind his back.

Plaintiff fails to state an Eighth Amendment claim against Defendant R. Davis.  Plaintiff alleges that Defendant Davis violated his Eighth Amendment rights by denying his inmate appeal regarding this incident.  Plaintiff fails to allege facts which indicate that Defendant Davis's denial of Plaintiff's inmate appeal caused Plaintiff to allegedly fall down the stairs.  *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.").

Plaintiff fails to state an Eighth Amendment claim against Defendant Canneles.  Plaintiff alleges no facts which indicate that Defendant Canneles knew of and disregarded an excessive risk of serious harm to Plaintiff's health by allegedly attempting to dissuade Plaintiff from filing an inmate appeal against Defendant Hernandez.  Again, Plaintiff fails to allege facts which indicate that Defendant Canneles's attempts at persuasion caused Plaintiff to allegedly fall down the stairs.

**IV.     Conclusion and Recommendation**

Plaintiff fails to state a cognizable federal claim against any Defendants.  Plaintiff was previously provided the opportunity to amend his complaint to cure the deficiencies identified. Plaintiff was unable to do so.  Further leave to amend should not be granted.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).  Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days**

after being served with these Findings and Recommendations, the Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **September 24, 2012**                    /s/ *Dennis L. Beck*
                                                UNITED STATES MAGISTRATE JUDGE